**SO ORDERED.**

**SIGNED this 16 day of October, 2009.**



_____
**JANICE MILLER KARLIN**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | |
| DUSTIN DANE PHILLIPS, | Case No. 08-40435 |
| | Case No. 7 |
| **Plaintiff,** | |
| KANSAS MARK REYNOLDS, | |
| **Plaintiff,** | |
| vs. | Adversary No. 08-7046 |
| DUSTIN DANE PHILLIPS, | |
| **Defendant.** | |

### MEMORANDUM OPINION GRANTING, IN PART,
### PLAINTIFF'S MOTION TO RETAX[1]

**I. Introduction**

On July 2, 2009, after trial, the Court granted judgment in favor of Plaintiff, Kansas Mark Reynolds, and against Defendant, Dustin Dane Phillips, on Plaintiff's Complaint to Determine

---

[1] As explained below, the Court has treated Plaintiff's Motion for Relief from Judgment as a Motion to Retax under Fed. R. Bankr. P. 7054(b) and D. Kan. Rule 54.1(a).

Dischargeability of Debt Under 11 U.S.C. § 523(a)(6). The Court held that the debt arising out of Phillips' aggravated battery against Reynolds was non-dischargeable.[2] The Court order was silent on the issue of the award of costs because although costs had been originally sought in the Complaint, costs were not expressly addressed in the Pretrial Order.[3]

## II. Findings of Fact

On July 10, 2009, Plaintiff filed a Motion Requesting Costs[4] in the amount of $1,924.84. Defendant objected[5] to the motion on two bases: 1) because Plaintiff had elected to bring suit in the first instance, he should bear the attendant costs, and 2) because he contended he had no money to pay any award. His response did not address any particular cost sought, or whether failure to include a specific request for costs in the Pretrial Order precluded a later request for costs.

The clerk, on July 29, 2009, set a hearing date of August 17, 2009[6] on the Motion for Costs to allow counsel to present the required documentation for the requested costs, and to allow Defendant to contest any cost. Debtor did not appear, but counsel for Plaintiff did. The clerk entered the following notes:

> "Bill of Costs with supporting documentation timely filed, Response by Defendant filed. Plaintiff's Amended Motion Requesting Costs, along with Certificate of Service upon Defendant at his address of record filed. Clerk's Notice of Hearing was served upon the parties. Clerk acknowledges receipt of the Bill of Costs, reflecting costs incurred incident to the filing of this Adversary Proceeding."[7]

---

[2] Doc. 61.

[3] Doc. 47.

[4] Doc. 66, as amended by Docs. 71 and 74, each of which sought the same amount.

[5] Doc. 70.

[6] Doc. 73.

[7] Doc. 76.

Nothing was entered on the courtroom minute sheet granting or denying the Motion for Costs. Instead, Plaintiff's counsel was apparently told that because the final order did not expressly grant costs, that the clerk would hold the matter in abeyance so Plaintiff could seek clarification. Two days later, Plaintiff filed a Motion for Relief from Judgment or Order[8] pursuant to Fed. R. Bankr. P. 9024. In that Motion, Plaintiff sought to alter or amend the judgment to reflect inclusion of costs. Defendant, who is unrepresented, has not responded to that motion.

### III. Analysis and Conclusions of Law

**1. The Standard and Procedure for Awarding Costs**

Fed. R. Bankr. P. 7054(b) is the relevant rule concerning costs awarded to a prevailing party in an adversary proceeding. It provides, in pertinent part, that "[t]he Court **may allow** costs to the prevailing party except when a statute of the United States or these rules otherwise provide. . . . Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court."[9] As noted in *In re Clansy*,[10] the corresponding rule for civil actions, Fed. R. Civ. P.. 54(d)(1), provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— **should be allowed** to the prevailing party." "Although the rules are quite similar, the Bankruptcy Rule utilizes

---

[8]Doc. 77.

[9]Emphasis added.

[10]2008 WL 177779 (Bankr. S. D. Tex. 2008), citing *D & B Countryside, L.L.C. v. Newell (In re D & B Countryside, L.L.C.)*, 217 B.R. 72, 75 (Bankr. E.D. Va. 1998) for noting this significant difference between the rules. (Emphasis in original).

3

permissive language (i.e., 'may'), whereas the Civil Rule utilizes presumptive language (i.e., 'should')."[11]

Although some courts have applied the Civil Rule's presumption standard to Bankruptcy Rule 7054(b), despite the significant difference in language, this Court agrees with those courts declining to read the presumption created by Rule 54(d) into Bankruptcy Rule 7054(b) when Congress explicitly chose not to incorporate it.[12] Accordingly, the decision to award costs under Fed. R. Bankr. P. 7054(b) is wholly within this Court's sound discretion, and the Court is free to consider all relevant factors, including whether there is any bad faith by the prevailing party in incurring unnecessary costs and whether the non-prevailing party is able to afford the costs sought.[13] The Court must also remember, however, that the paramount reason for the rule allowing costs to the prevailing party is to provide at least partial indemnification of the expenses incurred in establishing the claim or defense.[14]

This Court also agrees with the holding in *In re Clansy* that under Fed. R. Bankr. P. 7054, the prevailing party bears the initial burden of establishing that each specifically documented cost it seeks falls within the itemized list of permissible costs in 28 U.S.C. § 1920,[15] and persuading the Court that the costs were reasonably necessary to the litigation. After the prevailing party meets its

---

[11]*Id.*

[12]*Id.* at *2, itemizing those decisions, and also noting that Fed. R. Bankr. P. 7054(a) expressly incorporates Fed. R. Civ. P. 54(a)-(c), but not (d), which is where the presumption language lies.

[13]*See In re Gioioso,* 979 F.2d 956, 963 (3d Cir. 1992) (holding that the bankruptcy court may deny costs "if it would be futile to award them.")

[14]10 C. Wright, A. Miller & M. Kane Federal Practice & Procedure § 2666 (3d ed. 1998).

[15]Allowed costs include such items as fees of the clerk, marshal, and court reporter, printing and copying fees, docket fees, and fees of experts and interpreters.

4

burden, the burden of persuasion shifts to the opposing party, to show that costs should not be allowed under the circumstances.[16]

In our District, D. Kan. Rule 54.1(a) provides additional guidance for seeking costs:

**(a) Procedure for Taxation.** The party entitled to recover costs shall file a bill of costs on a form provided by the clerk within 30 days (a) after the expiration of time allowed for appeal of a final judgment or decree; or receipt by the clerk of an order terminating the action on appeal. The clerk's action may be reviewed by the court if a motion to retax the costs is filed within five days after taxation by the clerk. The failure of a prevailing party to timely file a bill of costs shall constitute a waiver of any claim for costs.

Plaintiff's motion was actually filed prior to the expiration of the appeal period, but the Court finds that defect is not substantive. Like a premature notice of appeal, the Court finds that the motion seeking costs ripened into a proper motion after expiration of the appeal period.[17] The real issue here is whether the clerk should have declined to award costs based on the absence of the express grant of costs in the judgment.[18]

As a procedural matter, the clerk would have been correct to deny the requested fees. The instructions that are a part of Official Form B263 (Bill of Costs) specifically require the clerk to "ensure that . . . [t]he judgment <u>specifically</u> states that costs are awarded to the party seeking the bill of costs."[19] Since nothing in the final judgment reflected entitlement to those costs, the instructions require costs be denied by the clerk. Whether the Plaintiff is entitled to costs in that situation is a

---

[16]*In re Clansy*, 2008 WL 177779 at *3-4.

[17]*See Barrick v. Cisneros,* 1997 WL 417994 (D. Kan. 1997) (holding that, under Rule 54, "[w]hen a party files a Bill of Costs prematurely, the court may hold the 'bill of costs in abeyance until such time as the request becomes ripe for adjudication.'" (citations omitted)). *Cf. Scottsdale Ins. Co. v. Tolliver*, 2009 WL 523108 (N.D. Okla. 2009) (holding that premature motion for costs, under unique facts of that case, was deemed timely).

[18]Although the clerk did not expressly deny costs, she effectively did so by indicating that she would hold the Bill of Costs in abeyance pending further action by Plaintiff to receive clarification given the absence of an express award of costs in the judgment.

[19]Official Form B263, Instructions.

5

substantive matter that the clerk is not empowered to decide. Plaintiff would then have used the prescribed procedure to seek reconsideration of that denial.

**2. Costs should be awarded notwithstanding failure to seek costs in Pretrial Order**

The Court finds under the facts of this case that neither the absence of the grant of costs in the applicable judgment nor the omission of a prayer for costs in the Pretrial Order bar an award of costs, if properly justified. First, nothing in Rule 7054 requires that the underlying pleadings first seek costs, but instead, seems to infer that a court may in any event award costs to the prevailing party if timely sought. In addition, as Plaintiff notes, almost all the costs that are part of the Bill of Costs were incurred before the Pretrial Conference, and because an award of costs had been sought in the original complaint, Defendant is not prejudiced by its omission from the Pretrial Order. Third, Fed. R. Civ. P 54(c), which is expressly incorporated into Fed. R. Bankr. P. 7054(a), provides further guidance. It states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. **Every other final judgment should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings**."[20]

Because Plaintiff met his initial burden of going forward by filing the Bill of Costs, and was presumably ready to provide necessary proof to establish entitlement to the specific costs sought (before the clerk decided to postpone the hearing to allow Plaintiff to file his motion), the burden of persuasion shifted to Defendant to show that costs should not be allowed, or that he was prejudiced by the non-inclusion of a request for costs in the Pretrial Order. He failed to raise this issue, and he failed to appear at the hearing before the clerk for taxation of costs.

---

[20]Emphasis added.

Another reason the Court will allow costs is because this was a rather straight-forward fact pattern, and once the Court heard the testimony at the trial on the Complaint Objecting to Discharge, it was clear that Defendant intended to harm Plaintiff, which was the core issue. Defendant required Plaintiff put on proof, rather than stipulating to a judgment, which is why Plaintiff was required to incur the requested costs. As the Court stated in the original judgment, "[a]s between Debtor receiving a full financial fresh start after his bankruptcy, and Mr. Reynolds being compensated for injuries that Phillips willfully and maliciously caused him, the choice is not a difficult one."[21] Plaintiff should be awarded the costs allowed by 28 U.S.C. § 1920.

Defendant has noted that he is unable to afford the award of costs. Testimony received at trial corroborates this statement, as Defendant testified that he is unable to obtain employment in his chosen field because of the felony conviction for the fight that lead to the injuries that were the subject of the judgment denying discharge of Plaintiff's debt. Although the Court seriously doubts that Defendant will be able to repay even the $900,798.49 judgment, let alone additional costs, the costs sought are such a *de minimis* part of the entire award that the Court does not believe inability to afford the costs should outweigh Plaintiff's right to be made whole, in the event Defendant ever acquires the assets to repay this debt.

As a final procedural matter, the Court declines to rule on Plaintiff's Motion under Fed. R. Bankr. P. 9024, but instead will treat that motion as if it were a Motion to Retax Costs, as allowed both under the Fed. R. Bankr. P. 7054 and under our local rules. The correct procedure in this case was for the clerk to deny costs. The clerk's decision to hold the matter open effectively denied those costs, and Plaintiff then filed his motion under Rule 9024. That motion was filed within the

---

[21]Doc. 61.

7

Case 08-07046    Doc# 82    Filed 10/16/09    Page 7 of 8

five day period required by the rules, and the Court will treat that motion as if it were a timely Motion to Retax.

That Motion, for the reasons noted above, is granted to the extent the clerk effectively denied the costs on the basis that the underlying judgment did not expressly allow costs. Plaintiff is entitled to costs. The Court orders Plaintiff to schedule another hearing with the clerk within 14 days, immediately notify Defendant of the date and time of that hearing (allowing at least 10 days' notice to Defendant), and then provide applicable proof that the requested costs fall within the provisions of 28 U.S.C. § 1920 to the clerk.[22]

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Relief From Judgment or Order, herein construed as a Motion to Retax Costs, is granted to the extent that costs are allowed to Plaintiff if he can demonstrate that the costs sought are allowed under 28 U.S.C. § 1920. After the clerk taxes costs, or declines to do so, either party will, pursuant to the provisions of Fed. R. Bankr. P. 7054 and D. Kan. Rule 54.1, have the opportunity to file a Motion to Retax Costs within five days.

# # #

---

[22] Although the Court does not have the necessary information before it, and the duty to first determine which costs are appropriate has been delegated to the clerk, the Court has looked at the costs sought, and notes that $1,179.65 sought as "costs incident to taking of depositions" is of special concern because of the size of that cost, and because it is not further explained. Perhaps that cost relates to normal witness travel expenses, which, under 28 U.S.C. § 1821(c)(4), are taxable under 28 U.S.C. § 1920. As with the other costs, Plaintiff should be prepared to explain for what purpose that amount is sought, and how it fits under 28 U.S.C. § 1920.

8

Case 08-07046   Doc# 82   Filed 10/16/09   Page 8 of 8